United States District Court
For the District of Massachusetts

Springfield

| | |
|---|---|
| Shayla Clark, on behalf of herself and all other employees similarly situated,<br><br>　　　　Plaintiffs<br><br>v.<br><br>Berkshire Health Systems, Inc.,<br><br>　　　　Defendant. | <u>Class and Collective Action Complaint</u><br><br><u>Jury Trial Demanded</u> |

Plaintiff Shayla Clark ("Plaintiff"), individually and as a class representative on behalf of all others similarly situated, by her attorneys Steffans Legal LLC and Connor & Morneau, LLP, alleges:

<u>Introduction</u>

1. Defendant Berkshire Health Systems, Inc. ("BHS") operates multiple medical facilities in Berkshire County Massachusetts. Upon information and belief, BHS employs hundreds of licensed practical nurses ("LPNs") at those facilities.

2. This case alleges that it was BHS's policy or practice to reduce its labor costs by requiring those LPNs to work over their meal break without compensation. That practice violated the Fair Labor Standards Act ("FLSA"), the Massachusetts Wage Act ("MWA"), and Massachusetts common law.

3. Plaintiff brings this action on behalf of herself and a collective of similarly situated current and former LPNs who are employed or have been employed by BHS who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically the FLSA's collective action provision, 29 U.S.C. § 216(b), to remedy BHS's violations of the

FLSA and the MWA that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

4. Plaintiff also brings this action on behalf of herself and a class of similarly situated current and former LPNs who worked at BHS pursuant to Fed. R. Civ. P. 23, for violations of the MWA, M.G.L. c. 151 § 1A *et seq.* and payment-of-wages provision, M.G.L. c. 149 § 148 *et seq* and for violation of Massachusetts common law.

<div align="center">Jurisdiction and Venue</div>

5. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court also has jurisdiction over the claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in the District of Massachusetts pursuant to 29 U.S.C. § 1391(b) and (c) because BHS are subject to personal jurisdiction in the Commonwealth of Massachusetts and events or omissions giving rise to the claims occurred in the District.

<div align="center">The Parties</div>

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident of Pittsfield, Massachusetts.

10. Plaintiff began employment at BHS as an LPN in 2016, working at the Hillcrest Family Health Center, located at 631 North Street, Suite B; Pittsfield, Massachusetts; 01201.

11.     During that time, Plaintiff was generally scheduled to work Mondays from 8 a.m. to 12:00 p.m.; Tuesdays and Thursdays from 8:00 a.m. to 6:30 p.m.; and Wednesdays and Fridays from 8:00 a.m. to 4:30 p.m.

12.     When scheduled as such, Plaintiff was scheduled to take a 30-minute meal break on Tuesdays, Thursdays, Wednesdays, and Fridays.  Plaintiff worked through approximately 75% of those scheduled meal breaks without compensation due to BHS's policy of automatically deducting 30-minutes from her hours worked without regard to whether the break was actually taken by Plaintiff ("Meal Break Deduction Policy").

13.     Defendant is a Massachusetts corporation with a principal office located at 725 North Street; Pittsfield, Massachusetts; 01201.

14.     Upon information and belief, BHS operates numerous medical facilities in Berkshire County at which it employs LPNs, including the Berkshire Medical Center, Fairview Hospital, BMC Hillcrest Campus, North Adams Campus of BMC, and in various physician practices.

<center>Collective Action Allegations</center>

15.     Plaintiff brings her FLSA claim on behalf of herself and all similarly situated persons who work or have worked for BHS between December 29, 2011 and the date of final judgment, as an LPN and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

16.     BHS is liable under the FLSA for failing to properly compensate Plaintiff and the members of the FLSA collective.  Upon information and belief, the FLSA collective consists of many similarly situated individuals who have been underpaid by BHS in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the

opportunity to join the lawsuit. Those similarly situated collective members are known to BHS, are readily identifiable, and can be located through BHS's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## Class Action Allegations

17. Plaintiff brings claims under the Massachusetts Wage Act, Massachusetts common law, and the Fair Labor Standards Act on behalf of herself and a class of persons who work or have worked for BHS between December 28, 2011 and the date of the final judgment as an LPN who did not receive overtime and/or statutorily required wages for all hours worked, including those over 40 in a workweek ("Rule 23 Class").

18. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

19. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of BHS.

20. Upon information and belief, the Rule 23 Class consists of more than 100 members.

21. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

22. Common questions of law and fact exist as to the Rule 23 Class and predominate over any questions affecting individual members, and include, but are not limited to, the following: (a) whether BHS failed to pay Plaintiff and the Rule 23 Class overtime for all hours worked over forty in a workweek; (b) whether BHS failed to pay Plaintiff and the Rule 23 Class for all hours worked under forty in a workweek; (c) whether BHS failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class; (d) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time

records; and (e) the nature and extent of class-wide injury and the appropriate measure of damages for the class.

23. Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for BHS as an LPN and have not been compensated for all hours they worked, including for hours worked over forty in a workweek. Plaintiff and the Rule 23 Class have all sustained similar types of damages as a result of BHS's failure to comply with the Massachusetts Wage Act, Massachusetts common law, and the Fair Labor Standards Act.

24. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and wage and hour litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of BHS's common and uniform policies, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not de minimis, such damages are small as compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against BHS's practices.

<u>Class-Wide Factual Allegations</u>

26. Plaintiff and the members of the Rule 23 Class and FLSA Collective defined above (collectively, "Class Members") have been victims of a common policy and plan perpetrated by BHS that has violated their rights under the FLSA, the MWA, and Massachusetts common law by denying them compensation for hours worked, including those over forty in a workweek.

27. BHS has classified LPNs as non-exempt employees for purposes of the FLSA's and MWA's overtime and wage protections.

28. One of the policies resulting in Plaintiff and the Class Members not receiving compensation for all time worked was BHS's "Meal Break Deduction Policy" it implemented and enforced uniformly relative to LPNs at all of its locations.

29. Under this policy, BHS's timekeeping system automatically deducted time from employees' paychecks each day for meal breaks.

30. BHS did not ensure that Plaintiff and the Class Members performed no work during those breaks and expected Plaintiff and the Class Members to be available to work throughout their entire shift and frequently allowed them to work during their meal breaks.

31. Plaintiffs and Class Members do in fact perform work during those breaks and are not paid for that time. During this time, Plaintiffs and the Class Members were performing tasks such as answering calls, monitoring patients, assisting patients, receiving testing or procedures, performing safety checks, administering medications and vaccines, filling out paperwork, scheduling appointments, drafting letters, work related to insurance authorizations, communicating directly with physicians and other staff, and answering questions.

32. BHS knew or should have known that the Plaintiff and Class Members perform work during these meal and other unpaid breaks, but still do not pay them for this time pursuant to their Meal Break Deduction Policy.

33. One of the ways BHS is aware of such work being performed is because it permitted, and often requested, that such work be done during the unpaid meal breaks. This work is done on BHS's premises during operational hours, and in full view of its managers and supervisors. BHS permitted that such work be done, and have actual and constructive knowledge of it being performed.

34. Further, BHS does not prohibit Plaintiffs and Class Members from working during their unpaid breaks and does not have or did not enforce rules against such work.

35. BHS also knows that Plaintiff and the Class Members are receiving assigned tasks that must be completed by the appointed deadline or pursuant to a certain schedule, which results in them having to work through their meal breaks even though they are not getting paid for the work.

36. Further, given the demands of the health care industry and short staffing, BHS management knew that in order to timely complete the tasks they assigned to Plaintiff and Class Members, Plaintiff and Class Members had to work through their unpaid meal breaks.

37. During the relevant time period, BHS repealed the Meal Break Deduction Policy, reinforcing its knowledge that the policy resulted in its employees not receiving compensation for all hours worked.

38. Accordingly, BHS should have known that Plaintiff and Class Members perform work during their unpaid breaks. Even though BHS knew or should have known its employees were performing such work, it failed to compensate their employees for such work.

39. During the relevant period, Plaintiff and Class Members have been subjected to the Meal Break Deduction Policy and have not fully compensated for work they perform during breaks.

40. As a result of the uniform policy, Plaintiff and Class Members are entitled to compensation for all time they performed work for BHS, including during their unpaid breaks.

<div align="center">

Count 1
Fair Labor Standards Act: Overtime
29 U.S.C. §§207(a) and 216(b)

</div>

41. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

42. At all relevant times, BHS has been the employer of Plaintiff and the Class Members for purposes of the FLSA.

43. BHS's failure to pay the Plaintiff and the Class Members overtime wages was either done willfully or with reckless disregard for the FLSA.

44. BHS's violation of the FLSA entitles Plaintiff and the Class Members to recover unpaid overtime wages, interest, liquidated damages, attorneys' fees, and the costs of this action.

<div align="center">

Count 2
Massachusetts Wage Act: Failure to Pay Wages
M.G.L. c. 149 §§ 148 and 150

</div>

45. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

46. BHS failed to pay Plaintiff and the Class Members the full amount of their earned wages when they became due and payable in violation of M.G.L. c. §§ 148 and 150.

47. This failure entitles Plaintiff and the Class Members to recover treble damages, interest, attorneys' fees, and costs pursuant to M.G.L. c. 149 § 150.

### Count 3
### Massachusetts Common Law:  Quantum Meruit

48. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

49. Plaintiff and the Class Members rendered valuable services to BHS.

50. Those services were accepted, used, and enjoyed by BHS.

51. A reasonable person would have expected to compensate Plaintiff and the Class Members for such use and enjoyment.

52. Plaintiff and the Class Members had a reasonable expectation of receiving compensation for the services that were rendered.

53. BHS did not fully compensate Plaintiff and the Class Members for those services.

54. As a result, Plaintiff and the Class Members are entitled to damages in an amount to be determined at trial.

### Count 4
### Massachusetts Common Law:  Unjust Enrichment

55. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

56. Plaintiff and the Class Members conferred a measurable benefit upon BHS through their work.

57. BHS accepted services from Plaintiff and the Class Members for which a reasonable person would have expected to pay, and provided their services with the reasonable expectation of receiving compensation from BHS.

58. It would be unjust for BHS to retain the benefit of Plaintiff and the Class Members' efforts without compensation therefore.

59.     As the result of BHS's violations of law set forth above, Plaintiff and the Class Members incurred damages in an amount to be determined at trial.

Request for Relief

Plaintiff, individually and on behalf of all other similarly situated persons, requests the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied compensation for all hours worked;

B.     Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

E.     Damages for violations of M.G.L. c. 149 §§ 148 and 150;

F.     Pre- and post-judgment interest;

G.     Treble damages under the MWA;

H.     Attorneys' fees and costs of this action; and

I.     Such other relief as this Court shall deem just and proper.

Dated: December 29, 2017

Respectfully submitted

**STEFFANS LEGAL LLC**

By: *<u>/s/ Benjamin Knox Steffans</u>*_______
Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
28 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
(413) 418-4176

**CONNOR & MORNEAU LLP**

By: *<u>/s/ Jeffrey S. Morneau</u>*_____
Jeffrey S. Morneau (BBO #643668)
Connor & Morneau LLP
273 State Street, Second Floor
Springfield, Massachusetts 01103
jmorneau@cmolawyers.com
(413) 455-1730

***Attorneys for Plaintiff and the Putative Class and Collective***